# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**TERRY LEE KENNEY,**

    Plaintiff,

v.                                                             CIVIL ACTION NO.: 3:15-CV-3
                                                                            (GROH)

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") [ECF No. 23] of United States Magistrate Judge Robert W. Trumble. Magistrate Judge Trumble issued his R&R on September 9, 2015. In the R&R, Magistrate Judge Trumble recommends that this Court grant the Defendant's Motion for Summary Judgment [ECF No. 13] because substantial evidence supported the Administrative Law Judge's ("ALJ") denial of the Plaintiff's application for disability insurance benefits. Magistrate Judge Trumble further recommends that the Court deny the Plaintiff's Motion for Summary Judgment [ECF No. 11] and Motion to Remand [ECF No. 16]. For the following reasons, Magistrate Judge Trumble's R&R is hereby **ADOPTED** and this case is **DISMISSED WITH PREJUDICE**.

### I. Background

The Plaintiff filed his initial application for disability insurance benefits on May 24, 2010, alleging disability beginning on April 23, 2010. His alleged disability was, in large part, due to symptoms of back pain. The ALJ found that the Plaintiff suffered from

"degenerative disc disease of the cervical, thoracic, and lumbosacral spine status post laminectomy of the lumbar spine in 2004," which the ALJ classified as a severe impairment. The ALJ further designated the Plaintiff's history of asthma and his obesity as severe impairments. Other aspects of the Plaintiff's claimed disability included neck pain, back pain, leg pain, arthritis, a perirectal abscess and a history of carpal tunnel syndrome.

The Plaintiff's initial application was denied on September 8, 2010, and again upon reconsideration on December 13, 2010. At the Plaintiff's request, a hearing was held on February 28, 2012, before ALJ Daniel F. Cusick. ALJ Cusick issued a decision on March 28, 2012, finding that the Plaintiff was not disabled under the Social Security Act. That decision was subsequently vacated and remanded by the Social Security Administration's Appeals Council, which found that ALJ Cusick's use of the term "moderate" was not specific enough to accord with the administration's principles regarding ALJ consideration of a claimant's maximum residual functional capacity. On remand, a different judge, ALJ Karen B. Kostol, held a new hearing on June 26, 2013. Following that hearing, on August 2, 2013, ALJ Kostol issued an unfavorable decision to the Plaintiff, finding that the Plaintiff was not disabled under the Social Security Act. On November 13, 2014, the Appeals Council denied the Plaintiff's request for review.

On January 14, 2015, the Plaintiff initiated the instant case by filing his complaint with this Court. Subsequently, Magistrate Judge Trumble set a briefing and oral argument schedule. On April 27, 2015, the Plaintiff filed his motion for summary judgment, together with a memorandum in support. On May 26, 2015, the Defendant filed the same. The Plaintiff responded in opposition to the Defendant's motion on June 1, 2015. The crux of the Plaintiff's argument, as presented to the magistrate judge, was that the ALJ erred in

three critical respects during her consideration of the evidence pertinent to the Plaintiff's application. First, the Plaintiff contended that ALJ Kostol's analysis of the Plaintiff's credibility was based on improper legal standards and was not supported by substantial evidence. Second, the Plaintiff argued that the ALJ failed to apply the proper legal standard in considering evidence that the Plaintiff suffered from an anxiety disorder. Finally, the Plaintiff asserted that the ALJ did not adequately describe the Plaintiff's limitations when limiting the Plaintiff to simple, routine and repetitive tasks. In her motion for summary judgment, the Defendant argued that substantial evidence supported the ALJ's credibility determination, that the Plaintiff failed to demonstrate that his alleged anxiety disorder significantly limited his ability to perform basic work activities and that the ALJ's statements concerning the Plaintiff's limitations, made as part of a series of hypothetical questions asked during the hearing, were appropriate. The Plaintiff's response to the Defendant's motion reiterated the arguments put forward in his motion for summary judgment.

On July 1, 2015, the Plaintiff filed a motion to remand pursuant to the sixth sentence of 42 U.S.C. § 405(g). In support of that motion, the Plaintiff argued that new and material evidence required remand to the ALJ for further consideration. Specifically, the Plaintiff offered a note from his treating physician, Dr. Mazem Nashed, dated June 28, 2013, in which Dr. Nashed stated that the Plaintiff "doesn't smoke, but he does chew[] tobacco." According to the Plaintiff, this note was material to his case because the ALJ, in considering the Plaintiff's credibility, found that "despite repeated attempts by the claimant's treating physicians to get him to . . . stop smoking cigarettes," the Plaintiff failed to follow up on that recommendation. In opposition to the Plaintiff's motion to remand, the Defendant argued

that the proffered physician's note was immaterial, in light of the multiple references contained in the record indicating that the Plaintiff either smoked, chewed tobacco, or did not smoke. (Counsel for the Defendant introduced the theory that the Plaintiff might have attempted to quit smoking on multiple occasions.) At oral argument before Magistrate Judge Trumble, counsel for the Defendant contested the materiality of the Plaintiff's proffered note with another piece of relatively new evidence: a document from United Hospital Center, dated April 9, 2014. That document described the Plaintiff's "social history," in part, as follows: "Patient currently uses tobacco. Patient smokes cigarettes. Patient smokes ½ packs per day." Regardless of the note's materiality, however, the Defendant contended that the Plaintiff was essentially asking the Court to re-weigh credibility evidence. Finally, the Defendant argued that any error committed by the ALJ on this issue was harmless, as ALJ Kostol's credibility determination rested upon other independent bases.

Oral argument was held before Magistrate Judge Trumble on August 11, 2015. Thereafter, on September 9, 2015, the magistrate judge issued his report and recommendation. In the R&R, Magistrate Judge Trumble found that ALJ Kostol's credibility determination was proper and was supported by substantial evidence. With one exception,[1] the magistrate judge found that the factors the ALJ considered relevant to the Plaintiff's credibility were each appropriate and were properly balanced. The magistrate

---

[1] Magistrate Judge Trumble concluded that the ALJ committed harmless error when she considered the Plaintiff's failure to attend physician-recommended physical therapy sessions as one factor in making her credibility determination. As the Plaintiff was unable to attend these physical therapy sessions because of an inability to pay for gas, it was improper for the ALJ to find that the Plaintiff's failure to attend the sessions negatively impacted his credibility. The magistrate judge found this error to be harmless, however, as the failure to attend physical therapy sessions was "only one factor among many" in the ALJ's credibility determination.

4

judge further found that the ALJ's hypothetical questions, as posed to a vocational expert at the June 26, 2013 hearing, were proper, in that the ALJ provided detailed questions that sufficiently informed the vocational expert of the Plaintiff's limitations. Furthermore, the magistrate judge concluded that the Plaintiff failed to meet his burden in proving the existence of a current mental impairment, such as an anxiety disorder, because the Plaintiff did not assert a mental impairment in any earlier filings or arguments before the ALJ or the Court and because any past anxiety the Plaintiff might have experienced appeared, from the record before the Court, to have been resolved. Finally, the magistrate judge held that the newly-proffered treatment note from Dr. Nashed did not meet the requirements of a "sentence-six remand" under 42 U.S.C. § 405(g). Specifically, the magistrate judge found that Dr. Nashed's note was neither new nor material. In light of these findings, the magistrate judge recommended that this Court deny the Plaintiff's motion for summary judgment and his motion to remand, grant the Defendant's motion for summary judgment, and dismiss this case with prejudice.

The Plaintiff filed his objections to the R&R on September 23, 2015. He puts forward three primary objections, each consistent with arguments he has raised throughout the instant proceedings. First, the Plaintiff again contends that ALJ Kostol's credibility determination was not based upon substantial evidence. Central to the Plaintiff's argument on this issue is that, in addition to the ALJ's improper finding that the Plaintiff's credibility was negatively impacted by his failure to obtain physical therapy, the ALJ improperly found that the Plaintiff failed to quit smoking cigarettes, despite evidence in the record that he has indeed ceased that habit. The Plaintiff cites to Dr. Nashed's June 28, 2013 note as new and material evidence requiring remand and as support for his argument that the ALJ's

5

credibility determination was not supported by substantial evidence. Second, the Plaintiff again argues that the ALJ's hypothetical questions posed to the vocational expert at the June 26, 2013 hearing were flawed, because the questions omitted certain facts pertinent to the Plaintiff's alleged disability. Third, the Plaintiff asserts that the record contained evidence indicating that he received treatment for an anxiety disorder, and therefore the ALJ should have employed a special review technique to determine the severity of the Plaintiff's mental impairment.

## II.  Standards of Review

### A.     Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1), this Court must review *de novo* those portions of the magistrate judge's findings to which the Plaintiff objects. However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and if parties do not object to an issue, the parties' right to *de novo* review is waived as to that issue. See Webb v. Califano, 468 F. Supp. 825, 830-31 (E.D. Cal. 1979). Therefore, this Court will conduct a *de novo* review only as to those portions of the R&R to which the Plaintiff objects and will review the remaining portions of the R&R for clear error.

### B.     Review of the ALJ Decision

The Social Security Act limits this Court's review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390-402 (1971), and (2) whether the Commissioner applied the correct legal

standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The phrase "substantial evidence" means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

A reviewing court must not re-weigh the evidence or substitute its judgment for that of the Commissioner, so long as the Commissioner's decision is supported by substantial evidence. Hays, 907 F.2d at 1456. Ultimately, it is the duty of the ALJ reviewing a case, not the responsibility of the Court, to make findings of fact and to resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case de novo when reviewing disability determinations.").

### C.   Evaluation Process

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ can find that the claimant is disabled or not disabled at a certain step, the ALJ makes a determination and does not proceed to the next step. Id. The steps are as follows:

> Step One: Determine whether the claimant is engaging in substantial gainful activity;
>
> Step Two: Determine whether the claimant has a severe impairment;
>
> Step Three: Determine whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conduct a Residual Functional Capacity ("RFC") assessment;
>
> Step Four: Consider the RFC assessment to determine whether the claimant can perform past relevant work; and
>
> Step Five: Consider the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work.

Davidson v. Astrue, Civil Action No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D. W. Va. Feb. 28, 2012) (citing 20 C.F.R. § 404.1520(a)(4)).

Here, under the five-step process, and after consideration of the entire record, the ALJ found that the evidence did not establish that the Plaintiff suffered from an impairment that reflected listing level severity. Specifically, the Plaintiff's alleged impairments, viewed singly or in combination, did not meet or medically equal the severity of a listed impairment, including those impairments listed under Sections 1.04 (disorders of the spine) and 3.03 (asthma), and the subpart applicable to obesity found at Social Security Ruling ("SSR") 02-1p. The ALJ concluded that the Plaintiff was not disabled under the Social Security Act.

### III. Discussion

Upon careful consideration of the record, the parties' motions and the R&R, this Court finds that the magistrate judge committed no clear error with regard to the portions of the R&R to which the Plaintiff does not object.

The Plaintiff's first objection is also his most substantial. He contends that the ALJ erred in considering the Plaintiff's smoking habit, or lack thereof, when assessing the Plaintiff's credibility. He further argues that recently introduced evidence relating to his smoking habit warrants remand to the ALJ for further consideration. According to the Plaintiff, the magistrate judge's findings include new, or post-hoc, justifications for the ALJ's decision, and the magistrate judge's consideration of the Plaintiff's cigarette smoking, as his smoking habit affected his credibility before the ALJ, "vel non is inconsistent."

There exists a two-step process by which an ALJ must evaluate a claimant's symptoms and the credibility of the evidence in the record. See Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). First, the ALJ must determine if there is objective medical

8

evidence showing that the claimant's medically documented impairments could reasonably be expected to cause the alleged symptoms. Id. (citing 20 C.F.R. §§ 416.929(b), 404.1529(b)). Second, the ALJ must evaluate the credibility of the subjective evidence, considering the claimant's statements about "the intensity and persistence of the . . . pain, and the extent to which it affects [the claimant's] ability to work." Id. at 595. The ALJ analyzes the second step "using statements from treating and nontreating sources and from the claimant." Felton-Miller v. Astrue, 459 F. App'x 226, 229 (4th Cir. 2011) (per curiam) (unpublished) (citing 20 C.F.R. §§ 404.1529(a), 416.929(a)). The ALJ also considers additional factors in evaluating a claimant's statements including "consistency in the claimant's statements, medical evidence, medical treatment history, and the adjudicator's observations of the claimant." Id. In articulating her decision after evaluating a claimant's credibility, an ALJ must ensure that her decision contains "specific reasons for the finding on credibility, supported by the evidence in the case record," and these reasons must be "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Tune v. Astrue, 760 F. Supp. 2d 555, 562 (E.D.N.C. 2011) (citing SSR 96-7p). In addressing the second step of a credibility determination, an ALJ should consider the following factors:

 1. The individual's daily activities;

 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

 3. Factors that precipitate and aggravate the symptoms;

 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 or 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

Ryan v. Astrue, No. 5:09CV55, 2011 WL 541125, at *3 (N.D. W. Va. Feb. 8, 2011) (citing SSR 96-7p). An ALJ's credibility determinations are "virtually unreviewable" by the district court and will be upheld if supported by substantial evidence. Id.

In this case, the ALJ's determination concerning the Plaintiff's credibility was proper. As noted, the ALJ found that the Plaintiff had severe impairments, including the aforementioned issues with his spine, and his history of asthma and obesity. It is apparent from her decision that the ALJ considered the entirety of the record, including the evidence relating to the Plaintiff's other alleged impairments. Ultimately, the ALJ found that the Plaintiff's statements concerning his impairments and their impact on his ability to work were "not entirely credible in light of the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, the medical history, the findings made on examination, the claimant's assertions concerning his ability to work, and the reports of the reviewing, treating and examining physicians."

Magistrate Judge Trumble thoroughly reviewed the manner in which the ALJ examined the factors enumerated in SSR 96-7p. Pertinent to the objections now before the Court, the Plaintiff argues that one aspect of the ALJ's review of his credibility—the

Plaintiff's failure to follow recommended treatment—was so deficient that the ALJ's entire credibility determination in general is rendered improper. The objection goes to one paragraph found in ALJ Kostol's decision, which provides that, instead of receiving a significant form of treatment in recent years,

> despite repeated attempts by the claimant's treating physicians to get him to lose weight, stop smoking cigarettes, and/or go to physical therapy and an orthopaedist advising him of the importance the aforementioned items play in managing pain the claimant has failed to follow up on any of these recommendations. Therefore, the claimant's failure to follow any of the aforementioned advice at least suggests that the claimant's physical pain is not as severe as he has asserted in connection with his disability application.

Magistrate Judge Trumble found that the ALJ's reference to the Plaintiff's failure to go to physical therapy was improper, as the Plaintiff could not attend physical therapy because of an inability to pay for gas. Neither party has objected to the magistrate judge's recommendation on this issue, and the Court adopts the magistrate judge's reasoning. In his objections, the Plaintiff does not dispute the magistrate judge's conclusion that the Plaintiff was advised to lose weight and failed to do so and that the ALJ's consideration of the Plaintiff's failure to address his obesity was proper.

The dispute now centers on the magistrate judge's treatment of the ALJ's reference to the Plaintiff's smoking habit. The Plaintiff argues that the record reflects that he either never smoked cigarettes or smoked for a period but has since ceased. In the R&R, Magistrate Judge Trumble stated that multiple documents in the record indicate that the Plaintiff smoked cigarettes in the past. The Plaintiff argues that instead of smoking, he chewed tobacco. But the magistrate judge found that the Plaintiff was also advised to cease chewing tobacco. The magistrate judge concluded that the Plaintiff's failure to follow his physician's directives concerning tobacco of any sort could serve to support the ALJ's

11

credibility determination.

The Plaintiff attempts to paint the magistrate judge's consideration of chewing tobacco in lieu of cigarette smoking as a post-hoc justification for the ALJ's determination. The Court rejects the Plaintiff's argument on this issue. Regardless, any error committed by the ALJ or by the magistrate judge in referencing cigarette smoking instead of chewing tobacco, or vice versa, was entirely harmless. Just as the ALJ's credibility determination did not hinge upon the Plaintiff's failure to attend physical therapy, the determination did not depend upon the Plaintiff's failure to respond to admonitions to quit smoking. The ALJ stated that the Plaintiff's failure to lose weight, stop smoking, "and/or" go to physical therapy "at least suggests" that his physical pain was not as severe as he stated in his disability application. The ALJ offered these statements together with her finding that the record did not contain evidence of significant deterioration in the Plaintiff's condition since 2004, and her finding that the record did not demonstrate that a treating physician or other source had placed significant restrictions on the claimant since his onset date. The ALJ concluded that "the record as a whole . . . does not support the severity of several of the claimant's allegations nor does it exhibit the types of ongoing medical treatment or objective abnormalities one would expect for a totally disabled individual." This Court finds that the ALJ's credibility determination was proper, and the Court adopts the reasoning and findings of the magistrate judge.

The Plaintiff's objection on this issue bleeds over into the magistrate judge's treatment of the Plaintiff's motion to remand. Specifically, the Plaintiff argues that the magistrate judge should have found that a note written by the Plaintiff's treating physician two days after the administrative hearing constitutes new and material evidence. The note

in question, written by Dr. Mazem Nashed on June 28, 2013, provides that the Plaintiff "doesn't smoke, but he does chew[] tobacco." The Plaintiff argues that, because the ALJ referenced the Plaintiff's failure to quit smoking as a potential reason to discount his credibility, this note is new and material evidence that could have changed the ALJ's conclusion as to the Plaintiff's credibility. In the Fourth Circuit, a court may remand a social security case for further proceedings if four prerequisites are met: (1) the evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative," (2) it must be "material to the extent that the Secretary's decision might reasonably have been different had the new evidence been before her," (3) there must be "good cause for the claimant's failure to submit the evidence when the claim was before the Secretary," and (4) "the claimant must present to the remanding court at least a general showing of the nature of the new evidence." Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985) (internal citations and quotation marks omitted).

Here, the magistrate judge found that Dr. Nashed's June 28, 2013 note was neither new nor material to the Plaintiff's application. The Plaintiff objects to both conclusions. In finding that the evidence was not new, the magistrate judge provided citations to the portions of the record that indicate that the Plaintiff did not smoke cigarettes. (As discussed above, the record contains references indicating that the Plaintiff smoked and that he did not smoke, both before and after the administrative hearing.) In his objections, the Plaintiff counters that the evidence in the record does not address "whether Mr. Kenney was smoking as of the date of the Administrative Law Judge hearing." As to materiality, the magistrate judge found that "no reasonable possibility exists that the ALJ would have altered her decision after considering the treatment note." The Plaintiff meets this

13

statement head-on, maintaining that the note is material because the opposite is true: the ALJ might have changed her mind upon consideration of Dr. Nashed's note.

This Court finds that Dr. Nashed's June 28, 2013 note is not material, and therefore remand is not necessary. As discussed above, the ALJ's credibility determination was based on a series of factors. Her reference to the Plaintiff's failure to quit smoking (whether or not one considers that reference to be interchangeable with a reference to a failure to quit chewing tobacco) was but one of many factors she considered in making her credibility determination. Any error associated with the ALJ's reference to cigarette smoking was harmless and the Court will not re-weigh the evidence that the ALJ considered absent any impropriety, so long as the ALJ's determination was supported by substantial evidence. See Hays, 907 F.2d at 1456. Accordingly, for the foregoing reasons, the Plaintiff's objection on this issue is **OVERRULED** and his motion to remand is **DENIED**.

The Plaintiff's remaining objections are likewise **OVERRULED**. His argument that the ALJ failed to include certain information in her hypothetical questions to a vocational expert and his argument that the ALJ failed to employ the proper technique in assessing the Plaintiff's alleged anxiety disorder have already been addressed, in thorough detail, by the magistrate judge. In objecting to the R&R, the Plaintiff does not reference an error or specific portion of the R&R with which he takes issue, but instead presents three paragraphs containing arguments identical to those he already raised in his motion for summary judgment. "General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object." Phillips v. Astrue, No.

6:10-CV-53, 2011 WL 5086851, at *2 (W.D. Va. Oct. 25, 2011) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)). In his memorandum in support of his motion for summary judgment, the Plaintiff argued that the ALJ's decision should be reversed because the ALJ did not include several of the Plaintiff's limitations in her hypothetical questions to the vocational expert, omitting that the Plaintiff "could only walk for 50 feet at most" and that he "could stand for an hour at most and had difficulty sitting more than 15 to 30 minutes." In the R&R, the magistrate judge considered this argument and found that "the ALJ provided a proper hypothetical question to the vocational expert." Mirroring his original argument, the Plaintiff now asserts that the ALJ's decision must be reversed because the ALJ "did not include in her hypothetical question that Mr. Kenney could only walk fifty feet, could only stand for an hour and had difficulty sitting more than 15 to 30 minutes." (internal citations omitted).

Elsewhere in his memorandum in support of his motion for summary judgment, the Plaintiff argued that the ALJ committed reversible error in not ensuring that a qualified psychiatrist or psychologist had completed the pertinent portions of the case review, in light of the evidence in the record indicating that the Plaintiff suffered from an anxiety disorder. As relief, the Plaintiff argued that the case should be "remanded to the Commissioner to comply with 42 U.S.C § 421(h) and 20 C.F.R. § 404.1520a." The magistrate judge addressed this argument in the R&R, finding that "the ALJ was not required to have a qualified psychiatrist or psychologist complete a [Psychiatric Review Technique Form] because Plaintiff did not meet his burden of proving the existence of a current mental impairment for several reasons." Specifically, the magistrate judge noted that the Plaintiff did not claim that he suffered from a mental impairment in any earlier filings or arguments

before the ALJ or the Court. The magistrate judge further found, upon reviewing the record, that any past anxiety disorder the Plaintiff might have experienced was likely resolved. Now, in his objections, the Plaintiff argues that this Court should order remand to the ALJ "to apply the special review technique stated in 20 C.F.R. § 404.1520a(a)."

The Plaintiff's arguments as to these two issues—the vocational expert hypothetical questions and remand for a review of his mental health limitation—are not true objections to the R&R and do meet the specificity required under Federal Rule of Civil Procedure 72(b). Instead, the Plaintiff presents arguments identical to those presented to, and rejected by, the magistrate judge. Even still, the Court has reviewed the parties' arguments and the record *de novo*, including the issues pertaining to the hypothetical questions asked of the vocational expert and the Plaintiff's allegations of a mental impairment. The hypothetical questions put to the vocational expert contained descriptions of the types of limitations that the ALJ found credible and applicable to the Plaintiff's situation, including follow-up questions pertinent to the vocational expert's description of work at the sedentary level—work which is defined as requiring occasional walking and standing. 20 C.F.R. § 404.1567(a). As to the Plaintiff's argument concerning his allegations of anxiety, an ALJ "may reasonably decline to obtain a consultative mental examination when there is insufficient evidence to indicate a possibility that a severe mental impairment exists." Benton v. Astrue, No. CIV.A0:09-00892-HFFP, 2010 WL 3419272, at *3 (D.S.C. Aug. 30, 2010), aff'd per curiam, 445 F. App'x 641 (4th Cir. 2011). Here, the Plaintiff failed to produce sufficient evidence that might have demonstrated to the ALJ that he suffered from a mental impairment. The magistrate judge's review of these issues was proper.

## IV. Conclusion

Accordingly, because substantial evidence supported the ALJ's decision and any error on her part was harmless, the Court **OVERRULES** the Plaintiff's Objections. Upon review of the above, it is the opinion of this Court that the Report and Recommendation [ECF No. 23] should be, and is, hereby **ORDERED ADOPTED**. The Court **ORDERS** that the Defendant's Motion for Summary Judgment [ECF No. 13] is **GRANTED** and the Plaintiff's Motion for Summary Judgment [ECF No. 11] and Motion to Remand [ECF No. 16] are **DENIED**. The Court further **ORDERS** that this matter be **DISMISSED WITH PREJUDICE** and that it be retired from this Court's active docket.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is **DIRECTED** to enter a separate judgment order in favor of the Defendant.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** January 21, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE